United States District Court
Southern District of Texas
**ENTERED**
July 29, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN NAPOLES, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:18-cv-04549 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| LOWE'S HOME CENTERS, LLC, | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION
GRANTING MOTION FOR SUMMARY JUDGMENT**

The motion by Defendant Lowe's Home Centers LLC for summary judgment is granted. Dkt 15.

1. Background

Plaintiff Juan Napoles alleges that he was injured on Lowe's property. He claims that a metal object fell off of a display onto his foot, causing him to fall to the floor and injure his neck, back, and foot. Dkt 1-2 at 18 (describing "an item"); Dkt 16 at 6 (describing a "metal object"). He brought claims in state court for negligence and premises liability. Lowe's removed the case asserting diversity jurisdiction. Dkt 1.

A scheduling order was entered in this case on February 20, 2019. Dkt 10. The discovery deadline under that order fell in September 2019. Lowe's served discovery on Napoles in April 2019 that included requests for admissions, requests for production, and interrogatories. Dkt 15-2. Napoles never responded to those requests.

Lowe's filed a motion for summary judgment on September 17, 2019—the day after discovery ended. Dkt 15. The case was reassigned to this Court the next month.

2. Legal standard

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to enter summary judgment when the moving party establishes that it is entitled to judgment as a matter of law because no genuine dispute exists as to any material fact. See *Trent v Wade*, 776 F3d 368, 376 (5th Cir 2015). The Fifth Circuit holds that a fact is *material* if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. *Sossamon v Lone Star State of Texas*, 560 F3d 316, 326 (5th Cir 2009) (citations omitted). And the Fifth Circuit holds that a *genuine dispute of material fact* exists "when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs LLC v Haydel Enterprises Inc*, 783 F3d 527, 536 (5th Cir 2015), quoting *Anderson v Liberty Lobby*, 477 US 242, 248 (1986).

A court reviewing a motion for summary judgment must draw all reasonable inferences in the light most favorable to the nonmoving party. *Connors v Graves*, 538 F3d 373, 376 (5th Cir 2008). The moving party typically bears the entire burden to demonstrate the absence of a genuine issue of material fact. *Nola Spice*, 783 F3d at 536 (citation omitted); see also *Celotex Corp v Catrett*, 477 US 317, 323 (1986). But when a motion for summary judgment by a defendant presents a question on which the plaintiff bears the burden of proof at trial, the burden shifts to the plaintiff to proffer summary judgment proof establishing an issue of material fact warranting trial. *Nola Spice*, 783 F3d at 536 (citations omitted). To meet this burden of proof, the evidence must be both competent and admissible at trial. *Bellard v Gautreaux*, 675 F3d 454, 460 (5th Cir 2012) (citations omitted).

When the moving party has met its burden under Rule 56(c), the nonmoving party cannot survive a motion for summary judgment by resting on the mere allegations in its pleadings. *Johnson v Deep East Texas Regional Narcotics Trafficking Task Force*, 379 F3d 293, 305 (5th Cir 2004). Rather, "the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." Ibid. This burden is not satisfied by "some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated asserts, or

2

only a scintilla of evidence." *Little v Liquid Air Corp*, 37 F3d 1069, 1076 (5th Cir 1994).

### 3. Analysis

#### a. Request for additional discovery

Lowe's didn't move for summary judgment until the close of discovery. Even so, Napoles seeks to avoid summary judgment by requesting further discovery. Dkt 16 at 11. Lowe's asserts prejudice if that is allowed. Dkt 18 at 3.

Federal Rule of Civil Procedure 56(d) permits a nonmovant to seek further discovery if it shows by affidavit or declaration that "it cannot present facts essential to justify its opposition" to a motion for summary judgment. See also *Experience Infusion Centers LLC v AAA Texas LLC*, 2020 WL 1915633, *2 (SD Tex). But Fifth Circuit has stated that "a district court has broad discretion to enforce the deadlines in its scheduling order." *Bedingfield ex rel Bedingfield v Deen*, 487 F Appx 219, 230 (5th Cir 2012) (unpublished), citing *Turnage v General Electric Co*, 953 F2d 206, 208 (5th Cir 1992). And if "the requesting party 'has not diligently pursued discovery, however, she is not entitled to relief' under Rule 56(d)." *McKay v Novartis Pharmaceutical Corp*, 751 F3d 694, 700 (5th Cir 2014), quoting *Beattie v Madison County School District,* 254 F3d 595, 606 (5th Cir 2001).

Napoles and Lowe's jointly sought and agreed to the scheduling order entered in February 2019. See Dkt 9. The discovery deadline was set for September 2019. Lowe's timely served discovery requests under that order, and Napoles wholly declined to respond. Napoles in fact concedes that he's been deficient in timely responding to discovery. Dkt 16 at 2.

The motion for summary judgment wasn't filed until the discovery deadline had passed. The parties had ample time to conduct discovery before then. Rule 56(d) entitles Napoles to no relief where he didn't diligently pursue discovery during that allotted time.

The request for further discovery is denied.

#### b. Request to withdraw deemed admissions

Napoles also asks the court to withdraw his deemed admissions. Dkt 16 at 2. Lowe's served requests for admission

that included topics of what occurred during the alleged incident, who Napoles spoke with at the store, and whether Napoles received medical care. Dkt 15-2. Napoles filed no objection and failed to respond.

Federal Rule of Civil Procedure 36(a)(3) provides, "A matter is admitted unless, within 30 days of being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party of its attorney." The failure by Napoles to object or to file a response to the requests for admission served by Lowe's deems those topics now admitted. See *Stroud v Walmart, Inc*, 798 F Appx 801, 803 (5th Cir 2020) (unpublished).

Federal Rule of Civil Procedure 36(b) provides, "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. The court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Even if a party makes the requisite showing, "a district court still has discretion to deny a request for leave to withdraw or amend an admission." *Stroud*, 798 F Appx at 802, quoting *In re Carney*, 258 F3d 415, 419 (5th Cir 2001).

In *Covarrubias v Fire Unknown INS/Border Patrol Agents*, the district court had refused a motion to withdraw deemed admissions due in part to the one-year delay in requesting withdrawal after admissions were due. 192 F Appx 247, 248 (5th Cir 2006) (unpublished). The Fifth Circuit found no abuse of discretion. Plaintiff hadn't acted in a responsible and timely fashion, evinced by both the failure to respond to the requests and the significant delay before filing a motion for relief under Rule 36(b). Ibid. The same is true here.

Permitting Napoles to withdraw his deemed admissions also wouldn't promote the presentation of the merits of the action. He provides only two examples of admissions he believes are inaccurate and should be set aside. Dkt 16 at 3. These concern admission that he was the sole cause of the accident and that Lowe's didn't have knowledge of a dangerous condition. He

doesn't identify any specific concern as to the other twenty-nine requests that have been deemed admitted due to his failure to respond. And he still refuses to provide Lowe's with responses to the subject requests. Dkt 18 at 5.

Withdrawal would also prejudice Lowe's. It has been entitled to rely upon these admissions for months through discovery and in preparation for trial. Dkt 18 at 3. Napoles himself never sought relief under Rule 36(b) until faced with a summary judgment motion by Lowe's using the very admissions upon which it is entitled to rely.

The request by Napoles for withdrawal of his deemed admissions is denied.

### c. Motion for summary judgment

Lowe's moves for summary judgment on the claims against it for negligence and premises liability. Napoles concedes in response that he can't provide any evidence supporting his claim in negligence. Dkt 16 at 4. Summary judgment must be entered against that claim.

Only the cause of action for premises liability remains at issue. An invitee must prove four elements to hold a defendant liable on such claim:

- o *First,* actual or constructive knowledge of a condition on the premises by the owner or occupier;
- o *Second,* the condition posed an unreasonable risk of harm;
- o *Third,* the owner or occupier didn't exercise reasonable care to reduce or eliminate the risk; and
- o *Fourth,* the failure by the owner or occupier to use such care proximately caused the plaintiff's injury.

*CMH Homes, Inc v Daenen*, 15 SW3d 97, 99 (Tex 2000) (citations omitted).

The motion by Lowe's attacks the first element. And indeed, the Texas Supreme Court clearly holds that "the existence of actual or constructive knowledge of a premises defect is a threshold requirement for such a claim." *Motel 6 GP, Inc v Lopez*, 929 SW2d 1, 3 (Tex 1996), citing *Corbin v Safeway Stores, Inc*, 648 SW2d 292, 296 (Tex 1983). The invitee "must show that a

5

landowner either knew, or after reasonable inspection should have known, of an unreasonably dangerous condition before arguing that the owner breached a duty" by failing to take any precautions. Id at 3–4.

Lowe's establishes a lack of actual or constructive knowledge through the deemed admissions obtained from Napoles. Dkt 15 at 2. In one, Napoles concedes that "Lowe's was not aware of a dangerous condition at the location of the incident made the basis of this suit." Dkt 15-2 (RFA No 24). In another, he admits that he was "not aware of any other customers or employees complaining of the object/merchandise prior to the incident in question." Id (RFA No 30).

The only proof of actual or constructive knowledge submitted by Napoles is his own declaration in response to the motion. He states that an unknown Lowe's employee told him "sometimes customers do not put [the display] back correctly." 16-1 at ¶ 4 (alteration in original). Napoles claims that the employee also stated that he "was gonna get to that here in a second." Ibid.

Napoles asserts the statements are admissible as statements of an opposing party under Federal Rule of Evidence 801(d)(2)(D). Lowe's objects that the statements remain inadmissible hearsay. See Dkt 18 at 7–8. The Court needn't resolve that issue.

Put to one side that the supposed statements weren't produced by Napoles during discovery as required. See id at 6. And put aside that the statements neither confirm that the metal object that injured Naples was even part of the subject display nor concede that it created a dangerous condition or posed an unreasonable risk of harm. See id at 6–8. Instead, it only matters that a party can't contradict its own admissions by submitting evidence at the summary judgment stage. *In re Carney*, 258 F3d 415, 420 (5th Cir 2001) (affidavit submitted by plaintiff at summary judgment couldn't be used to contradict Rule 36 admissions); see also *Williams v Wells Fargo Bank, NA*, 560 F Appx 233, 243 (5th Cir 2014) (unpublished) (same). For if a party could, what would be the point of Rule 36 in the first place?

6

As stated by a respected treatise on the subject, there is "strong support for the proposition that an admission obtained under Rule 36 should be binding on the party who made it." Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2264 (3d ed). And further, "Admissions obtained by use of Rule 36 may show that there is no genuine issue as to any material fact and justify the entry of summary judgment under Rule 56." Ibid.

The statements in the declaration by Napoles aren't admissible in this procedural context. He offers no other evidence proving actual or constructive knowledge on the part of Lowe's. As such, a key element of his claim on which he bears the burden of proof is lacking.

The motion for summary judgment must be granted. See *Johnson*, 379 F3d at 305.

### 4. Conclusion

The motion by Lowe's Home Centers, LLC for summary judgment is GRANTED.

All claims against Lowe's are DISMISSED WITH PREJUDICE.

SO ORDERED.

Signed on July 29, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

7